UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GERALDINE DENNIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GOCOM MEDIA OF ILLINOIS LLC, )<br>)<br>Defendant. ) | Case No.   10-cv-3125 |

MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION SEEKING AN AWARD OF ATTORNEY FEES AND COSTS

COMES NOW the Plaintiff, Geraldine Dennis [hereafter "Dennis"], and in support of her motion seeking an award of attorney fees and costs, states to the Court as follows:

I. INTRODUCTION

On May 27, 2010, Dennis her claim against the Defendant, GOCOM Media of Illinois, LLC (hereafter "GOCOM")(doc. 1). The complaint was brought under Title VII of the Civil Rights Act of 1964 and was premised upon two separate theories. First, Dennis alleged that she was terminated from her employment with GOCOM in retaliation for exercising her rights under Title VII. That claim was brought under the anti-retaliation provisions of Title VII. Her second count alleged a substantive violation of Title VII. Specifically, she claimed that she was terminated because of her gender in violation of Title VII's substantive prohibitions against discrimination.

On July 13, 2010, Dennis filed an amended complaint that added a claim that

GOCOM had engaged in subsequent acts of retaliation, in violation of Title VII, after her employment had been terminated (doc. 4). As such, all claims maintained by Dennis in this suit were brought under Title VII of the Civil Rights Act of 1964.

On January 31, 2011, COGOM filed a notice that it had offered judgment pursuant to Fed.R.Civ.P. 68 (doc. 16). The offer of judgment stated, in its entirety:

> NOW COMES Defendant, GOCOM Media of Illinois LLC, by and through its attorneys, Brown, Hay & Stephens, LLP, pursuant to Rule 68 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 68), and submits to Plaintiff Geraldine Dennis an Offer of Judgment in the amount of $70,000, with costs accrued. (doc. 16).

On February 8, 2011, Dennis, through her attorney, submitted notice to this Court that she had accepted the offer of judgment (doc. 17). On February 10, 2011, this Court entered an Order holding that:

> Pursuant to Federal Rule of Civil Procedure 68(a), the Clerk of Court is directed to enter judgment in favor of Plaintiff Geraldine Dennis and against Defendant GOCOM Media of Illinois LLC in the amount of $70,000, with costs accrued. (doc. 18).

On February 11, 2011, judgment was entered in favor of Dennis and against GOCOM (doc. 19).

## II. ARGUMENT

### A.   Dennis' entitlement to fees

As established supra, Dennis' claims in this matter were brought solely under Title VII of the Civil Rights Act of 1964. That statute has a provision that allows for the recovery of attorney's fees as part of the costs of the litigation. ("In any action or

proceeding under [Title VII] the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee ... as part of the costs[.]" 42 U.S.C. § 2000e-5(k)).  Our Circuit Court has determined that a prevailing plaintiff in a claim brought under Title VII "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 872 (7th Cir. 1995).  When a statute defines attorney fees to be costs, a court should award the fees under Rule 68.  *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998).

The only question is whether the offer of judgment precludes an award of fees.  In *Marek v. Chesny*, 473 U.S. 1, 6 (1985), the Supreme Court addressed the question of whether "costs" are necessarily included in a Rule 68 offer.  The Court held that it depends upon how the offer is written:

> The critical feature of this portion of the Rule is that the offer be one that allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.  In other words, the drafters' concern was not so much with the particular components of offers, but with the judgments to be allowed against defendants.  If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs. *Id.*

When considering this issue, the Seventh Circuit has largely held that unless a Rule 68 offer of judgment clearly indicates that it is including costs then the costs must be awarded in addition to the judgment amount.  *See Webb v. James*, 147 F.3d 617, 623 (7th

Cir.1998)(holding that any ambiguities in a Rule 68 offer must be resolved against the defendant, that is, the offeror, not only because the defendant drafted the offer but also because the plaintiff is being asked to give up his right to a trial.).

In this case the offer of judgment indicates that it is an amount ($70,000) to be awarded **with**[1] costs.[2]  This offer is almost identical to the offer made in *Erdman v. Cochise County, Arizona*, 926 F.2d 877, 878 (9th Cir. 1991), which read, in its entirety, as follows:

> The City of Douglas, pursuant to Rule 68, Federal Rules of Civil Procedure, offers to allow judgment to be taken against the City of Douglas for the sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) with costs now accrued.

This is almost the identical language used by GOCOM in the offer of judgment they made to Dennis.  In *Erdman*, the court rejected the defendant's argument that no costs should be paid in addition to the $7,500.  In so doing, the court held that "[plaintiff] was entitled to rely on the plain language of the offer he accepted, '$7,500 with costs now accrued,' which under *Marek* entitles him to a reasonable attorney's fee award in addition to the lump sum named in the offer."  Id.

---

[1] The first definition of "with" at dictionary.com is: 1. accompanied by; accompanying: I will go with you. He fought with his brother against the enemy.  With | Define With at Dictionary.com, http://dictionary.reference.com/browse/with (last visited Mar. 11, 2011).

[2] This compares to the language in *Wilson v. Nomura Securities Internataional, Inc.*, 361 F.3d 86, 88 (2nd Cir. 2004), that held that the following language clearly indicated that all fees and costs were to be included in the offer of judgment: ". . . .[defendants] make an offer to allow judgment to be taken against them in the amount of $15,000 inclusive of all costs available under all local, state or federal statutes accrued to date."

Under the plain language of the offer of judgment Dennis is entitled to an award of her costs. Her costs include her costs and her attorney fees.

**B.     Amount of fees Dennis should be awarded**

In the affidavit filed by Dennis' counsel, the request for fees and costs is as follows:

| Fees for services performed by John Baker and Jessica Shaprio | $24,356.25 |
|---|---|
| Fees for costs incurred by counsel for postage and copies | $93.56 |
| Costs in the form of filing fees | $350 |
| Total | $24,799.81 |

In *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983), the Supreme Court held that a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *See also Williams v. Hanover Housing Authority*, 113F.3d 1294, 1300-1301 (1st Cir. 1997); S.Rep. 94-1011 (1976).

In *Hensley* the United States Supreme Court set forth the standard for courts to employ when reviewing fee petitions. 461 U.S. at 433-35, 103 S.Ct. 1933. The Court explained that the "most useful starting point for determining the amount of a reasonable fee is the number of hours expended on the litigation multiplied by a reasonable hourly wage [referred to by the Court as the "lodestar method"].

Dennis has attached the billing records of her attorney and an affidavit outlining how counsel bills his clients. The affidavit explains that Dennis' attorney charges different rates to different clients depending upon a variety of factors. Some clients are

billed on a straight hourly basis and the fees in those cases can range between $165 per hour and $200 per hour. The hourly rate billed for contingent based cases is higher because of the risks associated with the case.

As demonstrated by the affidavit, this case was undertaken on a contingent fee basis. The agreement between Dennis and her attorney provided that she would pay $250 upon a successful settlement and $325 an hour for a favorable verdict. In this case there was not a settlement nor was there a verdict. Rather, there was a judgment. Nonetheless, the nature of a Rule 68 offer is more like a settlement than a verdict and Dennis is requesting a fee based upon the $250 hourly rate.

The first step in the analysis is determining whether the fee sought by Dennis' attorney is reasonable. In *People Who Care v. Rockford Board of Education School District No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996), the Seventh Circuit held that "[t]he attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." Additional evidence of market rates includes fees awarded to the attorney in similar cases, or affidavits of other attorneys attesting to the rate they charge their clients for performing similar work." *See Spegon v. The Catholic Bishop of Chicago*, 175 F.3d 544, 556 (7th Cir. 1999). "Once an attorney provides evidence of his billing rate, the burden is upon the defendant to present evidence establishing a good reason why a lower rate is essential." *People Who Care*, 90 F.3d at 1313; *see also Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993).

After determining the appropriate rate, the Court may adjust an award based upon the twelve *Hensley* factors:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

*Hensley*, 461 U.S. at 429-30.  In analyzing the *Hensley* factors, an award may be adjusted either up or down.  *See Spina v. Forest Preserve District of Cook County*, 2002 WL 1770010, *4 (N.D. Ill., 2002).

The *Hensley* factors support an hourly rate of $250 because the fee is contingent and because it is difficult to find attorneys who will take employment cases on a contingent fee basis.

### III. CONCLUSION

For the foregoing reasons, Dennis respectfully requests that this Court enter an award of costs, including fees, in the total amount of $24,799.81.

By: /s/ John A. Baker
John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:   (217) 522-3445
Facsimile:   (217) 522-8234
E-mail: johnbakerlaw@gmail.com

### CERTIFICATE OF SERVICE

This document was filed by using the ECF System.  A copy will automatically be forwarded to all counsel of record.  No copies have been served via U.S. Mail.

By: /s/ John A. Baker
John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:   (217) 522-3445
Facsimile:   (217) 522-8234
E-mail: johnbakerlaw@gmail.com