E-FILED
Wednesday, 15 January, 2014  03:38:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GERALDINE DENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 10-3125 |
| | ) | |
| GOCOM MEDIA OF ILLINOIS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Plaintiff's Motion for an Award of Attorney's Fees and Costs.

## I. BACKGROUND

Plaintiff Geraldine Dennis filed suit against Defendant GOCOM Media of Illinois, LLC.  The Plaintiff's Amended Complaint asserted three violations of Title VII of the Civil Rights Act of 1964, based on gender discrimination, *see* 42 U.S.C. § 2000e-2, and retaliation, *see* 42 U.S.C. § 2000e-3(a).

Following the Defendant's Answer, the parties filed a Joint Motion for

Referral to Mediation with the Court. The parties were referred to United States Magistrate Judge Byron G. Cudmore for the purposes of mediation.

The parties participated in a mediation session facilitated by Judge Cudmore. They engaged in cooperative negotiation in an attempt to reach agreement and avoid litigation. Eventually, the Defendant offered to settle the matter for $70,000. The Defendant informed the Plaintiff that if this sum was not accepted, an Offer of Judgment under Rule 68 of the Federal Rules of Civil Procedure would be entered immediately thereafter in that proposed amount. The Plaintiff refused the offer. The docket reflects that the mediation ended without success.

Consistent with its promise, the Defendant filed an Offer of Judgment, which was accepted by the Plaintiff.[1] *See* Doc. Nos. 16 & 17. The Offer stated:

---

[1]Federal Rule of Civil Procedure 68(a) provides:
At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

2

> NOW COMES Defendant, GOCOM Media OF Illinois LLC, by and through its attorneys, Brown, Hay & Stephens, LLP, pursuant to Rule 68 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 68), and submits to Plaintiff Geraldine Dennis an Offer of Judgment in the amount of $70,000, with costs accrued.

Following the Plaintiff's acceptance of the Offer of Judgment, the Court entered an Order which stated:

> Pursuant to Federal Rule of Civil Procedure 68(a), the Clerk of Court is directed to enter judgment in favor of Plaintiff Geraldine Dennis and against Defendant GOCOM Media of Illinois LLC in the amount of $70,000, with costs accrued.

*See* Doc. No. 18.  Judgment was entered pursuant to the Order.  *See* Doc. No. 19.  The Defendant states that Plaintiffs' Counsel requested that payment be made to the Plaintiff and Plaintiff's Counsel's firm. Accordingly, the check was made payable to Geraldine Dennis and the firm of Baker, Baker & Krajewski, LLC.

Subsequently, the Plaintiff moved for an award of attorney's fees and costs.

## II. DISCUSSION

### A. Plaintiff's entitlement to fees

3

The Plaintiff's claims were brought pursuant to Title VII, which includes a provision for the recovery of attorney's fees as part of the costs of litigation. ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs[.]" 42 U.S.C. § 2000e-5(k)). "In order to be considered a prevailing party in a civil rights action, a plaintiff must obtain at least some relief on the merits." *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 194 (7th Cir. 1994) (internal quotation marks and citation omitted). If costs are defined in the underlying statute to include attorney's fees, "the court may award fees as part of costs as well." *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998).

In *Marek v. Chesny*, 473 U.S. 1 (1985), the United States Supreme Court considered whether "costs" are necessarily included in a Rule 68 offer. *See id.* at 6. The Court determined it depends on the how the offer is worded:

> The critical feature of this portion of the Rule is that the offer be one that allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued. In other words, the

4

drafters' concern was not so much with the particular components of offers, but with the judgments to be allowed against defendants. If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs.

*Id*. (internal citation omitted).

In *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689 (7th Cir. 2013), the United States Court of Appeals for the Seventh Circuit considered "the problems posed by ambiguous offers of judgment under Rule 68 of the Federal Rules of Civil Procedure." *See id*. at 690. The court emphasized the importance of being "specific and clear" in making the offers because "[a]ny ambiguities will be resolved against them." *Id*.

In *Sanchez*, the offer referred to the plaintiff's "claims for relief." *See id*. at 692. The defendant argued that because the plaintiff requested attorney's fees and costs in her amended complaint, attorney's fees were thus included in the Rule 68 offer. *See id*. The Seventh Circuit noted that because the offer did not specify what the "claims" were, the plaintiff would

5

have had to guess the meaning of the offer. *See id*. at 692-93.  This rendered the offer ambiguous. *See id*. at 693.  The court concluded that because attorney's fees are not part of a plaintiff's claim, the defendant's offer of judgment was silent as to attorney's fees. *See id*.

The Offer of Judgment at issue here provides for the amount ($70,000), "with costs accrued."  The Defendant contends that, during the parties' negotiations, every demand, offer and counteroffer exchanged was intended and understood by the parties to constitute a lump sum for settlement of all claims and any costs, fees, and expenses incurred as a result of the litigation.  After accepting the Offer, the Plaintiff's counsel requested that the $70,000 check be made payable to his law firm and to the Plaintiff.  The Defendant asserts this method of payment supports its understanding that the amount was inclusive of all costs, including attorney's fees, then accrued.

It may well have been the parties' understanding that the $70,000 included all costs, including attorney's fees.  However, the Offer did not specify that the amount was inclusive of costs.  Given one of the definitions

6

of "with," the phrase "$70,000, with costs accrued" can be read as $70,000, accompanied by costs.[2]   As the drafter of the Offer, any ambiguity is resolved against the Defendant.  *See Sanchez*, 709 F.3d at 694.

The Plaintiff points to *Erdman v. Cochise County, Arizona*, 926 F.2d 877 (9th Cir. 1991), wherein the offer contained language very similar to the Offer in this case.  The offer of judgment in *Erdman* stated:

> The City of Douglas, pursuant to Rule 68, Federal Rules of Civil Procedure, offers to allow judgment to be taken against the City of Douglas for the sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) with costs now accrued.

*Id*. at 878.  The defendant claimed the offer had been "inartfully drafted" and that the attorney's fees were meant to be included in the lump sum amount.  *See id*. at 879.   The Ninth Circuit rejected the defendant's argument and held that plaintiff was "entitled to rely on the plain language of the offer he accepted, '$7,500 with costs now accrued,' which under *Marek* . . . entitled him to a reasonable attorney's fee award in addition to the lump sum named in the offer."  *Id*.

---

[2]The first definition of "with" at dictionary.com is "accompanied by; accompanying: I will go with you.  He fought with his brother against the enemy." http://dictionary.reference.com/browse/with (last visited January 7, 2014).

7

It appears that the Offer in this case was inartfully drafted as well. The Defendant may well have intended the Offer to be inclusive of any fees and costs.  However, the language of the Offer is not consistent with that intent.  Because the Seventh Circuit emphasized the importance of clarity in drafting Rule 68 offers and stated that any ambiguities will be resolved against the drafter, *see Sanchez*, 709 F.3d at 690, this Court agrees with the Ninth Circuit's interpretation of very similar language in *Erdman* and concludes that based on the plain language of the Offer, the Plaintiff is entitled to an award of her costs which under Title VII includes reasonable attorney's fees.

B. Amount of fees

The Plaintiff's Motion included an Affidavit of Counsel, the Representation Agreement between the law office and the Plaintiff and a copy of the billing statement.  *See* Doc. No. 20.  At the Court's Direction, the Plaintiff filed a supplemental billing statement and Affidavit of Counsel.

In cases in which attorney's fees are authorized, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances

8

would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  Generally, a plaintiff is determined to be a "prevailing party" if she succeeds on any significant issue which achieves some of the benefit she sought in pursuing litigation.  *See id*. at 433.

The Defendant contends that Plaintiff is not a prevailing plaintiff entitled to an award of costs and fees under Title VII.  In *Fletcher v. Fort Wayne*, 162 F.3d 975 (7th Cir. 1998), the Seventh Circuit upheld the district court's determination that a plaintiff who demanded $150,000 to settle the case under Rule 68 before accepting $5,000 plus costs and another who demanded $30,000 but accepted $2,500 would not be considered prevailing plaintiffs.  *See id*. at 976-77.  Rather, the settlements reflected nuisance value.  *See id*. at 978.

In *Fisher v. Kelly*, 105 F.3d 350 (7th Cir. 1997), the plaintiff filed a civil rights action under 42 U.S.C. § 1983 and initially demanded $80,000 based on several claims.  *See id*. at 352.  After the defendant's settlement offer of $10,000 was rejected, the plaintiff accepted the defendant's Rule 68 offer of judgment.  *See id*.  The district court granted $120 in costs, but

9

denied an award of attorney's fees because it found the plaintiff's victory was "technical or de minimis" and the case was settled because of its "nuisance value." *See id*.

The Defendant claims its Rule 68 offer was based on a cost-of-defense analysis after recognizing that substantial costs and attorney's fees would be expended because, due to factual disputes in the record, the case did not appear to be a likely candidate for summary judgment. The offer was not made because of a belief that the Plaintiff had a likelihood of success on the merits.

After considering the record, the Court concludes that the Plaintiff is a prevailing party entitled to an award of costs and fees pursuant to Title VII. Although the Amended Complaint does not include a monetary demand, it is likely that Plaintiff would have sought significantly more than $70,000 had this case proceeded to trial. However, $70,000 is still a significant amount. Both parties would have risked something by proceeding to trial. If the jury were to return a verdict for the Defendant, then the Plaintiff would have received nothing. Undoubtedly, the

Defendant considered attorney's fees and costs if the case proceeded to trial.  However, by going to trial, the Defendant would have incurred those costs  and risked a significant verdict in favor of the Plaintiff.

Although it is not always easy to determine what constitutes a "nuisance value settlement," the Court believes that the Defendant would have a stronger argument if the Offer of Judgment had been approximately half the amount of the $70,000 actually offered.  Based on all of the circumstances, the Court concludes that Plaintiff is a "prevailing plaintiff" who is entitled to fees under Title VII.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*.  "[A]n attorney's actual billing rate for comparable work is presumptively appropriate for use as a market rate when making a lodestar calculation." *Jeffcoat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 490 (7th Cir. 2009).

The agreement between the Plaintiff and Counsel was that she would pay $250 per hour if there were a successful settlement.  Although this case

resulted in an Offer of Judgment under Rule 68, the Plaintiff acknowledges that a Rule 68 Offer is more like a settlement than a verdict.  Consequently, the Plaintiff is requesting a fee based upon the $250.00 rate.[3]

The Court has reviewed Counsel's Affidavit and finds that his hourly rate is reasonable.  Moreover, the number of hours expended by Counsel appear to be properly documented and reasonably incurred.  The Plaintiff is requesting a total of $24,049.81, which includes $23,606.25 for professional services rendered and total costs of $443.56.

The Court does not doubt the Defendant honestly believed that the $70,000 was intended to represent a firm and all-inclusive offer. Unfortunately for the Defendant, the ambiguity must be resolved against the drafter of the language.

Because of these special circumstances–the Defendant's apparent honest mistake and good faith belief that $70,000 represented the entire amount of the Offer–the Court will reduce the amount awarded for professional services by $5,901.56, which is 25% of the amount requested

---

[3]The Plaintiff's Counsel is requesting that his paralegal be billed at a rate of $75 per hour.

by the Plaintiff.  This results in an award of $17,704.69 for professional services rendered.  When $443.56 is added for costs, the total amount is $18,148.25.

Ergo, the Plaintiff's Motion for an Award of Attorney's Fees and Costs [d/e 20] is ALLOWED.

The Defendant shall pay the Plaintiff's attorney's fees and costs in the amount of $18,148.25.

The Clerk shall enter an Amended Judgment accordingly.

ENTER: January 15, 2014

FOR THE COURT:

*s/Richard Mills*
Richard Mills
United States District Judge

13